UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KELTON L. FULLERTON                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:08CV151 DPJ-JCS

MERLIN C. REISER AND MERCO, L.L.C.                                        DEFENDANTS

ORDER

This breach of contract action is before the Court on motion of Defendants Merlin C. Reiser and Merco, L.L.C. ("Merco") for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Kelton Fullerton filed a minimal response, in which she also requests an extension of the discovery deadline, but she filed no memorandum of law. Having fully considered the parties' submissions and the applicable law, the Court finds that Plaintiff has failed to satisfy the requirements of Federal Rule of Civil Procedure 56(f) and that her request should be denied. In addition, the Court finds that Defendants' motion for summary judgment should be granted.

I.      Facts and Procedural History

On September 1, 2005, Plaintiff and Defendant Merco entered into a buy/sell agreement outlining the terms of the sale of Plaintiff's Downtown AAMCO Transmission Center franchise.[1] The agreement provided that Defendants would pay Plaintiff a down payment of $50,000, execute a note to Plaintiff in the amount of $135,000 and make monthly payments of $1637.92. The franchise was to remain in Plaintiff's name until the balance of the note was paid, at which time full ownership of the franchise would transfer to Merco. The agreement also contained the

---

[1] The agreement is between Plaintiff and Merco. Merlin Reiser signed the agreement on behalf of Merco.

following disputed language: "If Merco L.L.C. fails to complete the payments or becomes 30 days delinquent in the monthly payments, the full amount of the contract will be due and payable within thirty (30) days; or, the assets will be returned to Kelton Fullerton and this contract will be null and void."

Defendants paid the initial down payment and three monthly payments, but then ceased payments to Plaintiff and returned all assets. Plaintiff subsequently filed suit in state court against Reiser and Merco, and Defendants removed the action to this Court. In her Complaint, Plaintiff asserts the following claim: "Defendants breached the agreement February 1, 2006, by failing to pay the balance of the purchase price in the amount of $135,000 to Plaintiff." Defendants have now filed the instant motion for summary judgment, arguing that Defendant Reiser is not a party to the buy/sell agreement and that no breach occurred. Plaintiff filed a two-page response to the motion, the final paragraph of which requests an extension of the discovery deadline to depose Merlin C. Reiser.

II.     Analysis

    A.     Request for an Extension of the Discovery Deadline

Since filing this action, Plaintiff has wholly failed to prosecute her case. The case was removed on March 11, 2008, and following a case management conference, the discovery deadline was set for September 29, 2008. According to the docket, during the discovery period, Plaintiff did not propound any written discovery and did not take any depositions. In her response to Defendants' motion, Plaintiff now seeks an extension of the discovery deadline to depose Defendant Reiser. This is the first request to depose Reiser, and it comes one month after the close of discovery and after Defendants' motion.

> Federal Rule of Civil Procedure 56(f) provides:
>
> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Under Rule 56(f), "a party seeking additional time to conduct discovery must 1) request extended discovery prior to the court's ruling on summary judgment; 2) place the court on notice that further discovery is being sought; and 3) demonstrate to the court with reasonable specificity how the requested discovery pertains to the pending motion." *Howell v. Ferguson Enters., Inc.*, 93 F. App'x 12, 14 (5th Cir. 2004) (citing *Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996)). More specifically, "[t]he party seeking a continuance must show how additional discovery will create a genuine dispute as to a material fact and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Hill v. Tahmakera*, 38 F.3d 568, 1994 WL 574175, at *1 (5th Cir. 1994) (citations omitted) (unpublished table decision). "The decision to grant or deny a Rule 56(f) motion is within the sound discretion of the district court." *Johnson v. Hinds County, Miss.*, 237 F.3d 632, 2000 WL 1701835, at *1 (5th Cir. 2000) (unpublished table decision).

Plaintiff tacked this request for an extension at the end of her response. She did not technically file a Rule 56(f) motion, and she did not submit an affidavit as required by Rule 56(f). *See Dreyer v. Yelverton*, No. 07-10970, 2008 WL 3911072, at *7-8 (5th Cir. Aug. 25, 2008) (affirming denial of Rule 56(f) motion for lack of an affidavit and failure to show how discovery would create a genuine issue of material fact) (citations omitted). Moreover, she has not

3

demonstrated with reasonable specificity how the requested discovery pertains to the pending motion. "A party cannot evade summary judgment simply by arguing that additional discovery is needed, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (internal citations and quotations omitted).[2]

Finally, Rule 56(f) is not available to parties that sit on their hands. "[T]he non-movant must diligently pursue relevant discovery-the trial court need not aid non-movants who have occasioned their own predicament through sloth." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1993) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)). Plaintiff failed to pursue any discovery until Defendants moved for summary judgment, and for this additional reason, the Court denies Plaintiff's request to extend discovery.

B.  Motion for Summary Judgment

  1.  *Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party

---

[2] As discussed below, this case turns on a question of contract interpretation, which in this case is a question of law. *Miss. Transp. Comm'n v. Ronald Adams Contractor, Inc.*, 753 So. 2d 1077, 1087 (Miss. 2000). Because the parties' intent is clear from the four corners of this contract, it is difficult to see how Mr. Reiser's deposition would offer anything other than inadmissible parol evidence. *See Cooper v. Crabb*, 587 So. 2d 236, 241 (Miss. 1991). A party may not resist summary judgment with inadmissible evidence. *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990). Finally, to the extent the deposition is requested with respect to the claims against Reiser individually, because there was no breach, his status as a party to the contract, *vel non*, is irrelevant. Accordingly, the Court fails to see how this deposition would assist Plaintiff in responding to the motion.

4

is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Instead, when the movant shows the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). A simple plea for a jury trial on the bare assertion that there are genuine issues of material fact is not a sufficient response to a motion for summary judgment. *F.D.I.C. v. Brewer*, 823 F. Supp. 1341, 1347 (S.D. Miss. 1993) (citing *Washington v. Armstrong World Indus., Inc*., 839 F.3d 1121, 1122–23 (5th Cir. 1988)).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility

5

determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

        2.     *Breach of Contract Claim*

The only claim presented in Plaintiff's Complaint is that Merco failed to pay the balance of the purchase price. Complaint ¶5. Merco argues that the contract was fulfilled because after it ceased making payments, it returned the assets to Plaintiff. Thus, the agreement became null and void by its terms.

Before proceeding further, the Court must comment on Plaintiff's response. For the most part, Plaintiff merely states that she "denies that Defendants should be awarded a judgment as a matter of law." Plaintiff's Response [17] ¶5. The closest she comes to explaining her position is when she states: "Plaintiff denies that Fullerton cannot maintain a breach of contract claim and would assert that there are genuine issues of material fact as to whether the Buy/Sell Agreement was breached." *Id*. ¶4. She goes no further in explaining her position and offers no counter-affidavits or record evidence to support her response.

"The nonmovant is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Fuentes v. Postmaster Gen. of USPS*, No. 07-10426, 2008 WL 64673, at *3 (5th Cir. Jan. 7, 2008) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Plaintiff failed to meet this burden, offering only blanket denials. *See TIG Ins. Co.*, 276 F.3d at 759 (observing that conclusory statements fail to create genuine issues for trial). Absent counter-affidavits or other record evidence, the Court must assume that the facts are as established in Defendants' motion. Finally, Plaintiff's attempt to hang her hat on unspecified questions of fact must fail because, as discussed below, this case

6

turns on the interpretation of an unambiguous contract, which is a question of law. *Cooper*, 587 So. 2d at 241. In this regard, Plaintiff never offered her interpretation of the contract.

Turning to the contract, the Court looks to a well-established body of Mississippi law. "The primary purpose of all contract construction principles and methods is to determine and record the intent of the contracting parties." *Facilities, Inc. v. Rogers-Usry Chevrolet, Inc.*, 908 So. 2d 107, 110 (Miss. 2005) (citation omitted). To do so, the Court employs a three-tiered approach that was well explained in *One South, Inc. v. Hollowell*, 963 So. 2d 1156 (Miss. 2007), from which this Court borrows heavily.

First, the legal purpose or intent should be sought from an objective reading of the words employed in the contract to the exclusion of parol or extrinsic evidence. *Cooper v. Crabb*, 587 So. 2d 236, 241 (Miss. 1991). This "four corners" test requires the reviewing court to look to the language the parties used in expressing their agreement. *Pursue Energy Corp. v. Perkins*, 558 So. 2d 349, 352 (Miss. 1990). Under this test, the Court reads the contract as a whole, so as to give effect to all of its clauses. *Brown v. Hartford Ins. Co.*, 606 So. 2d 122, 126 (Miss. 1992). The concern at this stage is not what the parties "may have intended, but . . . what they said, since the words employed are by far the best resource for ascertaining the intent and assigning meaning with fairness and accuracy." *One South, Inc.*, 963 So. 2d at 1162 (citing *Simmons v. Bank of Miss.*, 593 So. 2d 40, 42-43 (Miss. 1992)). "On the other hand, if the contract is unclear or ambiguous, the court should attempt to 'harmonize the provisions in accord with the parties' apparent intent.'" *Id.* (citing *Pursue Energy Corp.*, 558 So. 2d at 352). "Only if the contract is unclear or ambiguous can a court go beyond the text to determine the parties' true intent." *Id.* The remaining two tiers allow review of discretionary cannons of contract construction and

eventually extrinsic or parol evidence. *Id*. In this instance, however, first tier review provides the answer.

As stated, the disputed contract language provides: "If Merco L.L.C. fails to complete the payments or becomes 30 days delinquent in the monthly payments, the full amount of the contract will be due and payable within thirty (30) days; or, the assets will be returned to Kelton Fullerton and this contract will be null and void." The parties agree that Merco stopped payment. Thereafter, the record reflects that Merco returned all assets and Fullerton kept the prior payments. The use of the co-ordinating conjunction "or" and the provision that the contact will become "null and void" plainly indicate that further payment would not be required after return of the assets. Had the parties intended for Merco to pay the full price and return all assets, they could have stated that intent. They did not. Plaintiff has offered no alternative interpretation.

Because the undisputed record evidence demonstrates no breach, the Court need not determine whether Mr. Reiser was a party to the contract and therefore exposed to civil liability. Absent breach, his status is not relevant.

III.  Conclusion

Based on the foregoing, the Court finds that Plaintiff's request for an extension of the discovery deadline should be denied and Defendants' motion for summary judgment should be granted.

IT IS HEREBY ORDERED that Plaintiff's claims are dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 12th day of December, 2008.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE